# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robin Hensel,

              Plaintiff,              Civ. No. 12-1160 (RHK/LIB)

**ORDER**

v.

City of Little Falls, Minnesota, *et al.*,

              Defendants.

      This matter is before the Court *sua sponte*.

      By Order dated April 4, 2013 (Doc. No. 73), the Court stayed briefing on Defendants' Motion for Summary Judgment, pending Magistrate Judge Brisbois's ruling on Plaintiff's Motion for Leave to Amend. The Magistrate Judge has now ruled (Doc. No. 74), granting in part and denying in part Plaintiff's Motion. Because the Complaint has been amended (for a third time), Defendants' Motion for Summary Judgment (Doc. No. 58) was aimed at a pleading no longer in effect and, accordingly, is **DENIED** as moot. See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005); Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).

      Nevertheless, the lone remaining Defendant in this action, the City of Little Falls, has indicated that it intends to move for summary judgment on the newly filed Third Amended Complaint. (See Doc. No. 83.) Plaintiff responds that the current stay should remain in place, and that summary judgment is premature at this juncture, because

discovery continues and "summary judgment is obviously inappropriate before discovery is even complete."  (Doc. No. 84 at 2.)  Plaintiff is incorrect.  It has long been recognized that "discovery does not have to be completed before a district court can grant summary judgment."  <u>Ray v. Am. Airlines, Inc.</u>, 609 F.3d 917, 923 (8th Cir. 2010); <u>accord, e.g.</u>, <u>Nolan v. Thompson</u>, 521 F.3d 983, 986 (8th Cir. 2008).  Rather, if Defendants move for summary judgment on the Third Amended Complaint and Plaintiff believes she needs additional discovery to respond, she has an available avenue for relief:  she may file an affidavit under Federal Rule of Civil Procedure 56(d) showing "what specific facts further discovery might unveil."  <u>Stanback v. Best Diversified Prods., Inc.</u>, 180 F.3d 903, 911 (8th Cir. 1999).  The simple fact that discovery remains pending, however, does not warrant a continued stay of summary judgment.

Dated:  June 10, 2013                                                         s/Richard H. Kyle
                                                                              RICHARD H. KYLE
                                                                              United States District Judge